IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MELANIE JOERENE ANGER,  )
         )
    Plaintiff,   )
         )
  -vs-        )  Civil Action No. 17-615
         )
         )
NANCY A. BERRYHILL,[1]   )
COMMISSIONER OF SOCIAL SECURITY,   )
         )
    Defendant.   )

AMBROSE, Senior District Judge

## OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am granting Plaintiff's Motion for Summary Judgment (ECF No. 10) and denying Defendant's Motion for Summary Judgment. (ECF No. 12).

### I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits pursuant to the Social Security Act. Plaintiff filed her application alleging she had been disabled since August 1, 2013. (ECF No. 8-6, p. 2). Administrative Law Judge ("ALJ"), Christian Bareford, held a hearing on September 1, 2016. (ECF No. 8-2, pp. 25-40). On October 17, 2016, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 25-40).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 10 and 12). The issues are now ripe for review.

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

## II.   LEGAL ANALYSIS

### A.   Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments

prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

## B. Weighing Opinion Evidence as it relates to the Residual Functional Capacity ("RFC") [2]

Plaintiff argues that the ALJ erred in the weighing of the opinion evidence in formulating her RFC. (ECF No. 11). Specifically, Plaintiff submits that the ALJ failed to provide good, specific and supported reasons for weighing the opinions as he did and for failing to incorporate the limitations into the RFC that were set forth by the doctor that he gave great weight. *Id.* at pp. 2-20. As such, Plaintiff submits that remand is warranted.

The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical

---

[2] RFC refers to the most a claimant can still do despite his limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. § 416.945(a). In this case, the ALJ found Plaintiff has the RFC to perform medium work without limitation. (ECF No. 8-2, p. 15). Medium work is defined as work involving "no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §404.1567(c).

3

professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.927(c)(2). If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009). Additionally, I note that state agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)....").

I begin with Plaintiff's last argument, as I believe it is a threshold argument. (ECF No.

11, pp. 17-20). To that end, Plaintiff argues that the ALJ gave great weight to the non-examining state agency consultant, Dr. Mortimer, but did not include all of the limitations set forth by Dr. Mortimer in his RFC. *Id.* Dr. Mortimer evaluated Plaintiff's claim on September 30, 2014. (ECF No. 8-3, pp. 2-9). The ALJ summarized Dr. Mortimer's opinion as follows:

> The State Agency medical consultant, Gregory P. Mortimer, M.D., opined that the claimant could perform medium work with occasional climbing of ladders, ropes and scaffolds, kneeling and crawling (Exhibit 1A). The undersigned gives his opinion great weight....

(ECF No. 8-2, p. 18). Plaintiff submits that because the ALJ gave Dr. Mortimer's opinion great weight, the above mentioned limitations should have been accounted for in the RFC. (ECF No. 13, pp. 6-8). The ALJ found, however, that Plaintiff has the RFC to perform the full range of medium work without any limitations. (ECF No. 8-2, p. 15). Therefore, Plaintiff submits that the ALJ's RFC falls short of that since it does not include limitations for occasional climbing of ladders, ropes and scaffolds, kneeling and crawling. (ECF No. 11, pp. 17-20).

After a review of the record, I agree. Certainly, the ALJ is not required to accept Dr. Mortimer's opinion at all, much less do so wholesale. An ALJ, however, must provide sufficient explanation of his or her final determination to provide a reviewing court with the benefit of the factual basis underlying the ultimate disability finding. *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). To that end, an ALJ must set forth the reasons for crediting or discrediting relevant or pertinent medical evidence. *Burnett v. Comm'er of SS,* 220 F.3d 112, 121-22 (3d Cir. 2000). "Although the ALJ 'may properly accept some parts of the medical evidence and reject other parts ... (s)he must consider all of the evidence and give some reason for discounting the evidence (s)he rejects.'" *See Lanza v. Astrue,* No. 08-301, 2009 WL 1147911, at *7 (W.D. Pa. April 28, 2009), *quoting Colon v. Barnhart,* 424 F.Supp.2d 805, 812 (E.D. Pa 2006). "'In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored.'" *Burnett,* 220 F.3d at 121-122*, quoting Cotter v. Harris,* 642

5

F.2d 700, 705 (3d Cir. 1981). Without the same, a reviewing court cannot make a proper determination of whether the ALJ's decision is based on substantial evidence. *Id.*

Here, the ALJ failed to articulate why he gave great weight to the opinion of Dr. Mortimer, including the limitations, but did not account for any of the limitations opined by him in the RFC. The failure to provide an explanation prohibits me from conducting a proper and meaningful review. Therefore, I find the ALJ's is not based on substantial evidence and remand is warranted on this issue.

Plaintiff further argues that the "ALJ's evaluation of the medical opinion evidence is insufficient as a matter of law [because e]very medical opinion of record demonstrates that Plaintiff has greater limitations than set forth in the ALJ's RFC." (ECF No. 11, pp. 5-17). More specifically, Plaintiff submits that the "ALJ failed to provide good/specific/supported reasons for rejecting the consistent limitations opined by all of the treating and examining sources." (ECF No. 11, pp. 8-17). Since I am remanding as set forth above, this issue will be reevaluated, *de novo*, as well. Therefore, I need not consider the details of the argument at this time. For clarity purposes, however, I note that with regard to the weight given to Dr. Malik's opinion, I similarly find that the ALJ's opinion it is not based on substantial evidence when he gives partial weight to Dr. Malik's opinion that Plaintiff could lift and carry 20 pounds continuously as it is consistent with the evidence of record (ECF No. 8-2, p. 17), but then finds that Plaintiff can perform the full range of medium work (ECF No. 8-2, p. 15), which requires lifting or carrying of "no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. §404.1567(c). This is particularly puzzling given that Dr. Malik further opined that Plaintiff could never lift or carry between 21 and 50 pounds. (ECF No. 8-12, p. 22). This apparent conflict should be resolved on remand.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MELANIE JOERENE ANGER,           )
                                 )
        Plaintiff,                )
                                 )
  -vs-                           )        Civil Action No. 17-615
                                 )
                                 )
NANCY A. BERRYHILL,[3]            )
COMMISSIONER OF SOCIAL SECURITY, )
                                 )
        Defendant.                )

AMBROSE, Senior District Judge

## **ORDER OF COURT**

THEREFORE, this 10th day of July, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 10) is granted and Defendant's Motion for Summary Judgment (ECF No. 12) is denied.

It is further ordered that the decision of the Commissioner of Social Security is hereby vacated and the case is remanded for further administrative proceedings consistent with the foregoing opinion.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.